United States District Court
Southern District of Texas
**ENTERED**
February 26, 2018
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | |
|---|---|
| TRAVIS LEROY PILGREEN<br>Petitioner,<br><br>vs<br><br>LORIE DAVIS, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION<br>Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§  CIVIL ACTION NO. 7:16-CV-0113<br>§<br>§<br>§<br>§<br>§<br>§<br>§ |

## REPORT & RECOMMENDATION

Petitioner, a state prisoner proceeding pro se, tendered an application pursuant to 28 U.S.C. § 2254, which raises claims about Texas's parole system and repeated decisions to deny him parole. (Dkt. Entry No. 1.) This case was referred to the undersigned pursuant to 28 U.S.C. § 636(b).

After a review of the record and relevant law, the undersigned respectfully recommends that this action be **DISMISSED** without prejudice for want of prosecution and for failure to comply with a court order and the Local Civil Rules. It is further recommended that this civil case be closed.

### I. BACKGROUND

Movant proceeds pro se. Pro se pleadings are held to less stringent standards than those drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

In his § 2254 application, Petitioner raises claims concerning Texas's parole system. He argues that (1) his equal protection and due process rights are being violated because he is denied parole every year for the same exact reasons; (2) the system fails to account for his good conduct and rehabilitative accomplishments, which violates the Eighth Amendment's prohibition against cruel and unusual punishment and the Texas Constitution; and, (3) while the system may be discretionary by statute, the discretion is being abused. (*See* Dkt. Entry No. 1 at 6–7.)

Here, Petitioner has not paid the $5.00 filing fee, nor has he tendered an application for leave to proceed *in forma pauperis* ("IFP"), although he did tender a copy of his prisoner trust fund account statement when he initially tendered his § 2254 application in March 2016. On January 12, 2018, the undersigned issued a notice of deficiency and order, requiring, by February 12, 2018, Petitioner either to pay the filing fee or, in the alternative, to file an application for leave to proceed IFP. (*See* Dkt. No. 4.) Significantly, the notice of deficiency and order was returned as undeliverable, and Petitioner did not comply with the undersigned's order.

A search of the Texas Department Criminal Justice (TDCJ) online inmate locator yielded no results for Petitioner. The undersigned further verified through TDCJ that, on October 26, 2017, Petitioner was released on mandatory supervision. Finally, Petitioner has not updated his address with the Clerk of the Court, so Petitioner's current whereabouts are unknown.

## II. APPLICABLE LAW & FINDINGS

Under Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss an action for failure to prosecute or for failure to comply with a court order. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (citing *Link v. Wabash R.R. Co.*, 70 U.S. 626, 630–31 (1962)); *see* FED. R. CIV. P. 41(b) (discussing involuntary dismissal of actions). This authority flows from a court's inherent power to control its docket, prevent undue

delays in the disposition of pending cases, and avoid congested court calendars. *Link*, 70 U.S. at 629–31.

The undersigned finds that Petitioner's § 2254 petition should be dismissed without prejudice for the following reasons. Petitioner has not communicated with the Court since he filed his petition in March 2016. Since his release from custody, now approximately four months have passed, where Petitioner has not provided a current address to the Clerk of the Court, as required by our Local Civil Rule 83.4.[1] Consequently, the undersigned's previous order has been returned as undeliverable. Petitioner has not complied with that order, requiring him (by February 12, 2018) to either pay the $5.00 filing fee, or to file an application for leave to proceed IFP. And finally, since Petitioner has been released from custody and is now on mandatory supervision, Petitioner's underlying case is likely rendered moot since it appears that he is only complaining about his continued confinement.

The combination of Petitioner's lack of communication, failure to comply with the order the undersigned issued, and failure to maintain a current address with the Court provides an adequate basis for dismissal of Petitioner's § 2254 petition without prejudice for want of prosecution and for failure to comply with a court order and the Local Civil Rules. *See, e.g.*, *Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir. 1998) (affirming dismissal without prejudice of prisoner's action for want of prosecution where the litigant was given four months to respond to a court order, yet failed to do so, and the court warned the litigant that failure to respond could result in dismissal). Moreover, a sanction less drastic than dismissal is futile at this point

---

[1] S.D. Tex. Civ. R. 83.4: Change of Address. Notices will be sent only to the address on file. A lawyer or pro se litigant is responsible for keeping the clerk advised in writing of the current address. Counsel of record and pro se litigants must include in this advice the case numbers of all pending cases in which they are participants in this district.

because Petitioner has not informed the Court of his current address, and his mail is being returned as undeliverable.

### III. CONCLUSION

#### *Recommended Disposition*

After careful review of the record and applicable law, the undersigned respectfully recommends that Petitioner's action under 28 U.S.C. § 2254 petition be **DISMISSED** without prejudice for want of prosecution and failure to comply with a court order and the Local Civil Rules. It is also recommended that this civil action be closed.

#### *Notice to the Parties*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. A party may respond to another party's objections within 14 days after being served with a copy thereof.

The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

The clerk of this Court shall forward a copy of this document to Petitioner by any receipted means.

**DONE** at McALLEN, Texas, this 26th day of February, 2018.

_____
J. Scott Hacker
UNITED STATES MAGISTRATE JUDGE